UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LI ZHANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　Defendant. | Case No.17-cv-06775-HRL<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

Plaintiff Li Zhang ("Zhang") sues the United States Citizenship and Immigration Services ("USCIS") to appeal the denial of her naturalization application. All parties have consented to proceed before a magistrate judge. Dkt. Nos. 10, 16.

USCIS moves to dismiss Zhang's complaint for failure to state a claim upon which relief can be granted. Dkt. No. 14. Zhang, who is proceeding *in forma pauperis* but is represented by counsel, did not oppose the motion. After concluding that the motion may be resolved without a hearing, Civil L.R. 7-1(b), and for the reasons explained below, the Court grants the motion.

## II. FACTUAL ALLEGATIONS

Zhang's complaint alleges the following facts, which the Court must accept as true. Zhang is a native and citizen of China who currently lives in Milpitas, California. Compl. ¶¶ 7, 18, Dkt. No. 1. After receiving lawful permanent resident status through her American husband and living in the U.S. for over five years, Zhang applied for naturalization. *Id.* ¶¶ 19-20, 28. After much delay, USCIS denied her application. *Id.* ¶¶ 22-26. Zhang appealed, but USCIS affirmed the

denial. *Id.* ¶¶ 27-28.

USCIS denied Zhang's application because she never legally divorced her first husband. *Id.* ¶ 28. Zhang was originally married to a non-U.S. citizen, whom she divorced before marrying her second husband, a U.S. citizen. Zhang's second husband sponsored her successful application for permanent resident status. *Id.* Unfortunately for Zhang, USCIS determined that "Plaintiff's divorce prior to her application for adjustment of status through marriage with U.S. citizen was invalid and thus her resulting permanent residence was invalid." *Id.* USCIS determined that Zhang should never have been granted permanent resident status, so she could not meet all of the prerequisites for naturalization.

Zhang at least implicitly acknowledges that her divorce was not valid. Although she alleges in her complaint that she "meets all of the requirements and criteria for naturalization," *id.* ¶ 32, she later says that "[e]ven if Plaintiff's previous divorce was not valid, it does not affect the validity of her permanent residence which has been granted for years," *id.* ¶ 33. "It was not Plaintiff's fault," she adds. *Id.* ¶34. "She did not present false documents . . . [or] make any misrepresentation to Defendant." *Id.* "The law authorized Defendant to deny an application for adjustment of status [from conditional permanent resident to lawful permanent resident] if the underlying marriage is invalid. However, Defendant was not authorized to revoke a permanent residence due to his own mistake." *Id.* ¶ 35.

### III. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Insurance Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court will not assume the truth of legal conclusions, even if they are cast in the form of factual allegations.

2

*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted).

**IV. DISCUSSION**

Zhang acknowledges that the divorce from her first husband was not legal, but she insists that should not affect whether she qualifies for naturalization. The Court disagrees.

An alien petitioning for naturalization bears the burden of showing that she is eligible "in every respect" to become a United States citizen. *Berenyi v. District Director, Immigration & Naturalization Service*, 385 U.S. 630, 637 (1967). "[T]here must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship." *Fedorenko v. United States*, 449 U.S. 490, 506 (1981). Among other requirements, an applicant must prove that she was "lawfully admitted to the United States for permanent residence." 8 U.S.C. § 1429; 8 C.F.R. § 316.2(a)(2). "The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity . . . ." *Monet v. I.N.S.*, 791 F.2d 752, 753 (9th Cir. 1986) (*quoting In re Longstaff*, 716 F.2d 1439, 1441 (5th Cir. 1983)). An applicant is not lawfully admitted if she obtains permanent resident status through fraud "or had otherwise not been entitled to it." *In Re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003) (*citing Monet*, 791 F.2d at 752). Even if the applicant's conduct is innocent and the government awards permanent resident status by mistake, that status is nevertheless not lawful. *Segura v. Holder*, 605 F.3d 1063, 1067 (9th Cir. 2010).

Given that Zhang admits that her divorce was invalid, *see* Compl. ¶ 33, she can never meet her burden of proving "strict compliance" with all the prerequisites of citizenship. *Fedorenko*, 449 U.S. at 506. Her defective divorce means that her putative marriage to her second husband is invalid for immigration purposes. *See, e.g., Matter of Hosseinian*, 19 I. & N. Dec. 453, 455 (BIA 1987) (affirming naturalization denial where petitioner obtained permanent resident status through putative marriage after invalid divorce). As a result, Zhang obtained permanent resident status unlawfully. The "unlawful" label applies regardless of whether Zhang committed fraud; she was required to meet all of the "substantive legal requirements" of permanent resident status, which in

this case included a valid marriage to a U.S. citizen. *Monet,* 791 F.2d at 753. Being unable to show that she was "lawfully admitted to the United States for permanent residence," Zhang is not eligible for naturalization. 8 U.S.C. § 1429.

The Court also agrees with USCIS that, to the extent Zhang's complaint asks the Court to apply equitable powers – because she did not commit fraud and because USCIS had previously determined that she was entitled to permanent resident status – the Court is without authority to do so. *See INS v. Pangilinan*, 486 U.S. 875, 883-84 (1988) ("Neither by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of these limitations.").

## V. CONCLUSION

For the reasons explained above, the Court grants the motion to dismiss Zhang's complaint. The Court is satisfied that amendment would be futile, so the Court dismisses the complaint without leave to amend. Judgment will be entered for USCIS.

**IT IS SO ORDERED.**

Dated: May 2, 2018

HOWARD R. LLOYD
United States Magistrate Judge